**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZAID T. SOULAIMAN, | No. 06-72708 |
| Petitioner, | Agency No. A098-387-973 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 7, 2010
Pasadena, California

Before: B. FLETCHER and PAEZ, Circuit Judges, and KORMAN, United States
District Judge.[**]

 Zaid T. Soulaiman, an Iraqi Christian, petitions for review of the BIA's

decision to affirm an Immigration Judge's ("IJ") denial of his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

 [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**]  The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

("CAT"). The IJ denied Soulaiman's asylum application and withholding claim because he found Soulaiman was not credible and because he found that changed circumstances rebutted Soulaiman's fear of persecution. The BIA adopted the IJ's decision and also found that Soulaiman had failed to prove past persecution on account of a protected ground. We grant the petition for review and remand.

The IJ's credibility determination is not supported by substantial evidence. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). Soulaiman's testimony was not inconsistent as to whether his family could identify those responsible for their persecution or reported the persecution to the authorities. *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1045 (9th Cir. 2005). His testimony was consistent that while the family knew who was threatening them and did not report the threats, they did not know who burned their restaurant or beat Soulaiman but did report these incidents. Likewise, Soulaiman was not asked to explain the inconsistencies in his testimony as to the date his family's restaurant was burned and when the threats first started. These minor inconsistencies do not constitute substantial evidence to support the adverse credibility finding. *See Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005); *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009). The contradiction between Soulaiman's asylum application, which stated that his father had been beaten, and his testimony in which he

2

adamantly denied that his father was beaten served only to weaken his asylum claim. He certainly had no motivation to lie; to the contrary, his testimony should be seen as credible. *See Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003); *Garrovillas v. INS*, 156 F.3d 1010, 1013-14 (9th Cir. 1998). The omissions in his asylum application of his cousin's shooting and brother's attempted kidnaping are understandable, as they occurred after he left Iraq, and should not be seen as proof of lack of credibility. *See, e.g.*, *Aguilera-Cota v. INS*, 914 F.2d 1375, 1382-83 (9th Cir. 1990) (failure to disclose the shooting of the petitioner's cousin and niece on asylum application was not substantial evidence for adverse credibility purposes). Nor was Soulaiman's use of false documents to enter the United States a proper basis to find him not credible. *Kaur*, 379 F.3d at 889.

Soulaiman's testimony established past persecution on account of his religion in this pre-REAL ID Act case. *See Sinha v. Holder*, 564 F.3d 1015, 1021 & n.3 (9th Cir. 2009); *Bandari v. INS*, 227 F.3d 1160, 1168-69 (9th Cir. 2000). Soulaiman's testimony established at several points that his persecutors targeted him, at least in part, because of his religion. To the extent that his family's sale of beer at their restaurant played a role in his persecution, it signaled to his persecutors that he was a Christian.

The persecutors may well have disapproved of alcoholic beverages but their motives were clearly mixed, as is evident by the continuing problems his family suffered after they leased the restaurant and stopped selling beer. The supposition that his persecutors might also have singled him out due to his family's perceived wealth suggests only that there might be an added motive. The agency's decision that Soulaiman had not shown persecution on account of his religion is not supported by substantial evidence.

Having demonstrated past persecution on account of religion, Soulaiman is entitled to a presumption of a well-founded fear of future persecution and is presumptively eligible for withholding of removal. *See Mousa v. Mukasey*, 530 F.3d 1025, 1029-30 (9th Cir. 2008). The government failed to rebut this presumption. Soulaiman testified that his family continued to experience serious problems in Iraq and that there was nowhere in Iraq he could safely practice Christianity. The country reports corroborate the evidence of the continuing persecution of Christians in Iraq. The IJ's conclusion that because Soulaiman's family had leased the restaurant they were no longer in danger of persecution is

4

both counter to the evidence and ignores the evidence that his persecutors were motivated by religion, not merely the sale of beer.[1]

We grant the petition for review. We find Soulaiman eligible for asylum and remand to the Attorney General to exercise its discretion to grant Soulaiman asylum. We grant withholding of removal because the government has not rebutted the presumption of Soulaiman's future persecution. *See Ahmed v. Keisler*, 504 F.3d 1183, 1200 (9th Cir. 2007). We do not address Soulaiman's CAT claim because he did not raise it before this court.

**PETITION GRANTED AND REMANDED.**

---

[1]We also note that Soulaiman testified that the family was *forced* to lease the restaurant due to continued threats.